The first case is United States v. Bush. Mr. Dawson. Thank you, your honor, and may it please the court. My name is Zachary Dawson. I am counsel for the appellant in this case, Donald Bush. Mr. Bush was given a mandatory life sentence after a jury convicted him of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and between 28 and 280 grams or more of crack cocaine and two counts of the use of a communication facility and furtherance of a drug felony. Mr. Bush was given a mandatory life sentence in his case, but during trial, two evidentiary issues occurred that require a vacation of his sentence and a new trial. The first issue, your honors, is that the court improperly admitted a 2013 conviction for distribution of crack cocaine into evidence improperly. Mr. Bush objected to the introduction of this evidence both at an evidentiary hearing and at trial. This evidence was other crimes evidence that should have been excluded. Can I ask you just a point of clarification? What exactly was introduced into evidence? What document? It was a certified state court conviction, your honor. I believe it was a conviction, a warrant, and a sentencing sheet. The exhibit itself was referred to the government at the end of trial and wasn't available to us. It's not in the record. I believe that the testimony about the document speaks for itself as to what it contains and that will be relevant what's on the sheet. The government argued that this crime was intrinsic to the conspiracy that Mr. Bush was charged with. It was a substantive offense of crack distribution? It was, your honor. In the state court? Yes. And the time frame was during the middle or the early part of the time that's alleged in this indictment that the conspiracy was ongoing? That's correct. A federal conspiracy? Yes. In 2011? It was. I believe the arrest date was January 11, 2011, and the conviction was in 2013. It was in Sumter? It was in Sumter, yes. Was that the county and the city? I believe so, your honor. I'm not 100% familiar with South Carolina geography, but I believe that that's correct. I thought you were from South Carolina. I'm North Carolina, your honor. Oh, you are? Now, the reason that this evidence was not intrinsic, there are a few exceptions to other crimes evidence, which I'm sure you're all familiar with. You can offer the evidence for proof of something other than a defendant's character to show their intent or their motive or their knowledge. But can I ask you a question? It's an exception. Those are the exceptions to the rule that you can't admit evidence just to show the defendant's bad character. Correct. But it seems like here they weren't introducing it to show, you know, he's just a bad guy who might be prone to do this. I mean, as your own quotation from the closing argument makes clear, they were introducing it to show he committed this conspiracy. It was sort of direct evidence of the crime with which he was charged. At least that's what they were introducing it for. And that's sort of the exact issue, your honor. As the Ebert case makes clear, there are two ways to get evidence into a trial. It can either be intrinsic evidence, that is, if it is other crimes evidence, it can either be inextricably intertwined with a witness's story or with the case itself, such that a witness can't fully testify without talking about this other crimes evidence, or it can be, as the government asserted here, simply direct evidence of the case that they're making, Why isn't this part of a continuing narrative involving a crack cocaine distribution conspiracy? I mean, I know part of your theory is that his arrest and conviction sort of cut this conspiracy off or cut it in two, but we haven't held that imprisonment or the like brings an end to the conspiracy. And so if that's the case, it would just seem that this was all part of the same theme and the same conviction and the same conspiracy. So, you know, even without all the difficulties under 404B, it seems a part of a sort of seamless narrative. Well, your honor, that was certainly part of the theory. The other issue with the evidence is that there's absolutely no indication that this crime was connected to the conspiracy that the government charged. If you look at the Ebert case, most of what or all they were doing in the conspiracy, this charge was on Sumter County, this crack distribution. That's true. They're peddling crack all over Sumter County and adjacent areas, I suppose. That's true, your honor. And this was a substantive offense of crack distribution in Sumter County. And the problem during the time period of the conspiracy by the same people. Oh, that's true, your honor. If you look at what I also you're saying, it's not for it is 404B evidence. It had to be weighed differently. But the judge could have weighed it differently under 404B. There's still coming in. Well, I would argue, your honor, I got another instruction or something could still be in the case. The very fact that the government didn't conduct a 404B analysis at all is abuse of discretion. I know, but if it is abuse of discretion, well, if it was abuse of discretion to say it's not 404B evidence, it still could come in under 404B. Well, it's our contention that it wouldn't have, your honor. I do want to clarify what we are arguing the standards are here. It's not necessarily excluded. I'm saying there's two alternative theories. It's intrinsic or it's extrinsic. Yeah, that's exactly right, your honor. And I would argue that there are. If it's extrinsic, you've got to go through the 404B analysis. And it has to be the probity value has to outweigh the prejudicial impact and all that. That's very true, your honor. And here, well, it comes in any way I look at it. Well, he could have. He could have. But he didn't. We could say that it was going to come in in any event, whatever theory you want to think about. Certainly. It's intrinsic. It's inextricably intertwined. And on the facts, that makes sense. It seems to me the time period is the same. The crime is the same. It's not like it's a fraud conviction in the middle of a drug conspiracy or something. It's drug distribution of the same kind of drug in the middle of a drug conspiracy in the same place. That's true. By the same people. Those were also the facts in the Ebert case, and that was found to not be enough. The simple fact that the crime is the same and it occurs during the charged conspiracy. Well, all that has to be considered. It does have to be considered, your honor. And Judge Wooten was prudent. He took this under consideration. I mean, they had a hearing before the trial started. Well, a week or so or something. And they argued, and everybody got their say-so. And he took it under advisement. Said, well, here's some evidence. And he waited until, what, the second day of trial or something? I believe that's right. The first day of trial. He said, I think I've heard enough to conclude that this is inextricably intertwined with the conspiracy that's on trial. So that's how it's going to come in. That's exactly what it did, your honor. And I do want to clarify what we're arguing the standards are here. The decision of whether or not evidence falls within the gamut of 404B is a legal decision that has de novo review. So the question is not whether or not the judge properly weighed evidence at trial. It's whether he made the correct legal determination that this falls within 404B or not. And it is intention that the government made absolutely no effort other than what was essentially a race-ifs argument that this evidence. Judge King points out that the earlier conviction is too closely connected in all kinds of ways to the offense for which the defendant was on trial. And, you know, you can look at it as, I think you can look at it as intrinsic unless we adopt your theory that somehow there was an interruption of this conspiracy by virtue of the arrest. But we've never said that because there was no indication that he was abandoning anything. And so it seems to be intrinsic. But even if it's extrinsic, the government has to prove Ben's right. And part of the government's burden of proof is that he knowingly distributed these illicit substances. And the evidence here certainly goes to intent. I can't speak to what the government would have otherwise offered this evidence for, Your Honor. I think the fact that there wasn't a jury instruction as to 404B evidence below is pretty determinative of whether or not. Did you ask for one? They did ask for one, Your Honor. The trial court specifically stated that because the judge said it's not 404B evidence. Well, that's right. So there's no use giving that instruction if it's not 404B evidence. But if he considered it to be extrinsic, he could have given a 404B instruction that says you could consider this part of pattern and to prove intent and knowledge. That's absolutely right, Your Honor. But that's not what happened. It's not what happened, but it could have happened that way. So that's what I was getting that kind of speaking about. It seems to me it was probably going to come in anyway. It didn't come in as 404B. It came in as part of the whole thing, inexorably intertwined, so you didn't have to jump through that hoop. That's true, Your Honor. And that's what it's here for. And anyway. So my argument, just so that I'm clear, is if this isn't intrinsic evidence, then the errors were made at trial. The trial that actually occurred, it is entirely true that there could have been a 404B analysis and there could have been a jury instruction. Your basic problem is you're worried about what box to fit it in and whether it's intrinsic or extrinsic or 404B or not or whatever. But the basic point underlying the intrinsic-extrinsic analysis and 404B was that this evidence was not introduced to show someone's character. It was introduced, as I thought Judge Harris made that point, that it was introduced to fill out the story of the drug conspiracy and to demonstrate men's right for both things. And your basic problem, notwithstanding what legal box we want to put this evidence in, your basic problem is that it's too closely connected to the crime for which the defendant's being tried. And that's hard. You know, you can argue to the jury that they shouldn't accord weight to it, but it's hard to say as a matter of law or abuse of discretion that a district judge should, you know, there's no abuse of discretion here. Your Honor, I would argue that it's closely related in character to the conspiracy that was charged. And that's sort of the whole issue is if you look at the Ebert case, the government actually does have to take affirmative steps to link this conspiracy or this conviction to the conspiracy they're charging. And the trial court tacitly recognized that during the evidentiary hearing. They asked the government how they were planning on introducing this conviction, and the government said they were going to introduce witnesses that were testifying that they were dealing drugs with Mr. Bush during the time period of the conviction. And the trial court says, well, on the same date as what's in those documents, the conviction document, that would have linked this conviction to the conspiracy because as the Ebert case and as case law states, a crime actually has to be in furtherance of a conspiracy for it to be part of the conspiracy. In the Ebert case, the issue with the intrinsic conduct in that case, which was the exact same crime occurring during the conspiracy period with co-conspirators, there was no evidence that it was done in furtherance of the conspiracy. You can explain to me why I'm wrong about this. It seems like that might go more to the weight of the evidence. Like you can argue that in front of the jury. Look, just because he's over here dealing cocaine doesn't mean he's also part of this conspiracy to distribute cocaine. And the jury might say, okay, that's not very good proof because the government hasn't linked it beyond same time, same place, same offense. And I think the answer to that, Your Honor, is that it's a legal determination. The reason that the rule, the rule 404B exists is because juries are extraordinarily persuaded by other crimes evidence and evidence that a defendant has committed crimes in the past. Well, you could also argue, right, that it's more prejudicial than probative. But I think the judge found that to the contrary, and you're not appealing that. No, Your Honor. I really, I do think that the issue in this case is whether or not this conviction was intrinsic to the conspiracy, because if it was not, as I stated earlier, there wasn't a 404B analysis. We don't think the government would have necessarily been able to pass it. But either way, one wasn't done, which is an abuse of discretion, and there wasn't a jury instruction limiting what the jury was allowed to consider this evidence for. What else would the jury possibly have considered? What would you have wanted that instruction to say? The men's right, for example. If you can only consider this for defendant, Donald Bush knows what the cocaine industry is like. Donald Bush had the requisite intent to distribute this evidence. If you look at how it was introduced, your honor, agent Kevin Conner was testifying as to the investigation that occurred in Sumter and never mentioned this conviction once. No witness mentioned this conviction on direct at all. It was not part of the government's necessary case in chief. On cross-examination, defense counsel was fiercely crossing the agent. They never found any drugs on Mr. Bush. They never found any drug money on Mr. Bush. They had no hard evidence that they could link to Mr. Bush in this case. And the government stood back up. But they stood back up and they said, well, we don't have any hard evidence, but he's dealt drugs in the past, hasn't he? And that is textbook 404B evidence, your honor. If it's not related to the conspiracy, this is the exact sort of thing that rule 404B was designed to stop from happening. What 404B is designed to stop from happening is putting in evidence that's unrelated to the crime for which the defendant is being tried. For example, Judge King, in his question, mentioned the government had just sort of gone and had some sort of fraud conviction that they threw in or that they linked him up with an entirely different kind of crime, which is, let's say, sexual misconduct or something like that. Then you say, whoa, this is just being put in to show that somebody is an evil person. But this is, you know, the closer it gets to the crime for which the defendant is being tried, the less likely it is to be simple character and the more likely it is to be evidence that relates to the question that the jury is to decide. And that's, you know, you don't even need to get into that if it's part of the overall narrative of the conspiracy. And this particular offense fit right into the middle of the time frame for which the crime, for which the conspiracy was charged, right square in the middle of it. And as my colleagues have pointed out, same drug, same place, same time. It's part of the story. The government's entitled to tell a story. And every single one of those factors was true in the Ebert case as well, Your Honor. And it was found to not be intrinsic conduct because there's all we raise this as a hypothetical in our brief. But if this if this conviction was for drug dealing that was related to another conspiracy or a one off drug deal with someone not related to the conspiracy that he was charged for, conspiracies do have a rocket. Recognize that they can be loose and amorphous. Conspiracies do have boundaries and a crime has to be in furtherance of the conspiracy. If the government had linked this conviction to a codefendant, maybe it would be different. Thank you, sir. Thank you very much. Your Honor. Good morning. May it please the Court. Ben Gardner on behalf of the United States. The district court in this case reasonably concluded the evidence of appellant Donald Bush's 2011 arrest and 2013 conviction, which involved, which occurred in the same time frame of the charge conspiracy during the same geographic area. You said evidence of the charge. Evidence of the charge was what? The conviction order? It was the sentencing sheet. Why didn't you call in the witnesses of the transaction? Your Honor. And prove it the right way. Had the district court concluded that this was 404B evidence pursuant to this court's case law in the trilogy of cases, United States v. Johnson, United States v. McBride, and United States v. Hall, the government would have done that. However, as you indicated, the district court took the rather prudent step. The government had sought to introduce this evidence prior to trial. When a ruling from the district court saying this is intrinsic for these reasons, the district court said prior to trial he was not going to make a determination and was going to wait to hear the evidence from the testimony from the cooperating defendants to determine whether this truly was intrinsic evidence or extrinsic evidence subject to rule 404B. Had the district court disagreed with the government's theory of the invincibility of the conviction, then the government would have called evidence to establish the linkage between the conviction. However, based upon the district court's determination that this was intrinsic evidence, given that it occurred during the same time period, same geographic area, and was involved in the same drug. But you could have proved it the other way. It's intrinsic, but you don't need the conviction order itself or the conviction record. You can call the witness who he sold drugs to or he had the drug transaction with. Correct, Your Honor. And as they indicated, the government elected not to do that based upon Judge Williams' ruling. Right. Of the intrinsic nature of this offense. Does the intrinsic nature of the offense mean that the conviction record comes in? I believe it does. Why wouldn't it come in either way if it's 404B or if it's intrinsic? Well, and that's the government's position. Well, I know, but the fairer way to do it would be to get the people that were involved in the transaction and let the jury decide whether he was guilty of a drug transaction rather than showing that he played guilty to it or something or that he was convicted of it. And Judge King, certainly had this involved a – That would be evidence of the crime that's intrinsic, but cleared a different way. And Judge King, had this involved a different drug, had it predated – Normally, you can't put in the conviction record itself. It would be reserved until the defendant got on a witness stand and used it to impeach him. Right. Well, in this case, the document was self-authenticating. The government had a certified copy of the conviction. I understand all that. Yeah, I understand all that. But wouldn't you then have had another problem, which is that none of your witnesses could testify dealing with this defendant between the years of 2011 and 2013. So I thought you needed the fact of the conviction to kind of fill that gap, to explain where he was for two years. Absolutely, and that's part of the narrative that Judge Wilkinson had mentioned in terms of the government's theory. Courts have repeatedly said that one of the principal bases for which courts are authorized to admit intrinsic evidence are so witnesses don't have to tiptoe around the facts. They can explore the narrative. And that's actually – given that Judge Wooten reserved ruling on the invisibility of it, the government's witnesses actually did have to tiptoe around that. They indicated that they dealt with Mr. Wicks from 2008 until 2011, and then they said that he had to go away for a while. Sometimes when you have a prior conviction, the certified copy would be admitted simply to avoid a trial within a trial. About the earlier conviction, if you had to admit it through testimony, you'd have to invite the people who were part of the 2013 conviction, and then you'd have the trial within a trial. But when you admit a certified copy of the conviction, that is something – you take something of a risk, I suppose, because you wouldn't have – it wouldn't have the force of a live testimony, and the defendant could argue that. It wouldn't have the emphasis that live testimony has. So you take a risk, but that kind of risk is something that goes to the weight of the evidence, and it's not necessarily to its admissibility. It's a strategic decision as to whether you want to introduce the prior act through a certified copy or through – and it only arises not with a prior bad act, but with a prior conviction where you have the certified copy available. But it's a matter of trial strategy, I think, how you wish to introduce evidence. Absolutely, Judge Wilkinson. I'm glad you raised that point. The government, albeit that it sought a ruling prior to trial, reserved admitting the prior conviction into evidence until the government's very last witness. The government denied a move to admit the prior conviction during its direct testimony of Special Agent Conroy. It was only on cross-examination when Special Agent Conroy was questioned by defense counsel that there was no evidence that the defendant actually distributed any drugs during the time period of the charged conspiracy. That's when the government made its decision and elected to move to admit the evidence to show the intent to distribute. I think Judge King made a good point, at least from my perspective, when he said that Judge Lewton had taken a great deal of care with this. And I think that's what we really want trial judges to do is to just sort of, you know, think before you admit this kind of evidence, reflect on it, explain it. And Judge Lewton, he did that. It wasn't just sloppy, oh, sure, it can come in. And that's what we've tried to say is, look, just be careful with this stuff because it's the stuff that's open to abuse. And, Your Honor, I completely agree with that characterization. Judge Lewton, during the pretrial hearing, noted this court's and actually advised the parties to be aware and to confront. This court's cases in United States v. McBride, United States v. Johnson, and United States v. Hall all of which reversed South Carolina judges for admitting 404B evidence. At the conclusion of that hearing, he indicated that he was going to wait to hear the testimony to make a determination as to the intrinsic or extrinsic nature of the 2011 arrest and 2013 conviction. And that's exactly what he did. He heard testimony from numerous cooperating defendants who testified that they dealt cocaine and crack cocaine with Mr. Bush prior to his 2011 arrest and immediately after he was released from prison in 2013. Is there anything that the panel has neglected to note in connection with this evidence? I have one quick question. Did you want to say something? There's one point I wanted to make, and this is one of the rare cases where the appellant and the appellee are disagreeing regarding the standard of review in this case. He claims that the determination as to whether it's intrinsic is de novo review inciting Third Circuit precedent for that case. To my knowledge, the Fourth Circuit has never held that it's subject to de novo review. And I would draw the court's attention to United States v. Otuya, which is at 720 F. 3rd, 183. It's an opinion authored by Judge Wilkinson, noting that the court's determination that evidence arose out of the same series of transactions and involved the same criminal episode was hardly an abuse of discretion. So this court has time and again subjected intrinsic versus extrinsic determinations to abuse of discretion review, and it makes good sense. I think Judge Wooten was in the best vantage point to hear the evidence, the testimony that was provided by cooperating defendants, and make it an exercise of discretion as to whether or not it's intrinsic to the offense or extrinsic. Just a quick question. I just want to make sure I've tied everything up. So if hypothetically I thought this was not intrinsic evidence, but that it was extrinsic evidence that could come in under 404B, could we affirm on that alternative ground given that there was no 404B instruction? Actually, I'm glad you raised that point, Judge Harris, because that's something I did want to bring up. I do not believe defense counsel actually asked for a 404B instruction in this case. I will note that Judge Wooten in his proposed jury charges had included a 404B cautionary instruction to the jury. I actually objected to that instruction, saying that I thought it would confuse the jury given the court's ruling that it was intrinsic. However, I do believe that this court could still affirm the British court below, certainly on harmless grounds given the weight of the evidence. There were eight cooperating defendants, all of whom consistently testified over time periods. So harmless not because it could have come in under 404B, but just because it wasn't the weight of the evidence was so strong. Correct, and as I indicated, I don't believe my best recollection is that defense counsel did not ask for a 404B instruction. They did not. I'm sorry, they did not. I do not believe so. Judge Harris, do you have further questions? I'm fine. Thank you, Your Honor. Thank you. We have some rebuttals now, sir. Just first things first, Your Honor, as to the requested jury instruction, I'd turn you to the Supplemental Joint Appendix, page 539, where that discussion happens. I do believe that Mr. Henry said that he thought it would be advisable to leave the instruction in. And to your point, Your Honor, and that is really, I think, the crux of this case, given the lack of 404B analysis and the lack of a jury instruction, if this is extrinsic evidence, I don't think that there is any way that this panel can affirm the decision for no other reason than there was no jury instruction limiting how the jury could use what would, in that case, be other crimes evidence. And just as my last point, Your Honor, I would again turn to the— So you say because there was no instruction, if it's 404B evidence, it has to be reversed. Your Honor, the McBride case at footnote 3 states that a 404B instruction is a required element. And in the McBride case, actually, the court said that if 404B evidence is improperly admitted, a jury instruction, even if present, may not be enough to save the case. Here, there was— May not be enough. May not be enough. We've always reviewed things for harmless error. That's true, Your Honor. Or plain error if you didn't caress it right. And I think that's the issue here. We've learned a lot of things where we find error. That's true, Your Honor. And I think the lack of a jury instruction is what, at absolute minimum, turns this from harmless error to harmful error. Now, it's the government's burden to prove that an error is harmless. But if this is not intrinsic evidence, I think the lack of a jury instruction, at minimum, is what makes this a harmful error. But you all are like ships in the night on what the standard of review is on the intrinsic question. You say it's de novo. He says it's abusive discretion. And he's got a case. That's true. Two-four circuit. That's true, Your Honor. President's presiding judge today saying it's abusive discretion. So you're going to get this—you want us to say Judge Wilkinson's opinion? I'm not sure we can even do that, whether he's on the panel or not. To the extent that it is— We're going to go in bank to do that. To the extent that it is an abusive discretion review, Your Honor, I believe that that standard is also met. You're stuck with that, then? You're going to admit you're stuck with abusive discretion? You abandon that third circuit case? To the extent that that case says what the government represents it as. It does say what it says. Because—and the whole reason was that a trial judge is best able to assess the narrative flow of the trial much better than an appellate court was, than an appellate court is. The trial judge has his finger on the pulse and what the trial is all about and questions of evidentiary admission that are not constitutional questions. And this one is not. We're far more likely to adopt an abusive discretion standard because non-constitutional evidentiary standards are subject to— that's what a trial judge's discretion is about. In that case, Your Honor, I would simply say that under the logic of the Ebert case, the trial court in this case abused its discretion in ruling that this was intrinsic evidence and the case should be set back down. Thank you very much. We would come down and bring counsel and move directly into the next case.
judges: J. Harvie Wilkinson III, Robert B. King, Pamela A. Harris